UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

HAILEY ATYANI, NICHOLE CDE BACA,
BIANCA GARCIA, HANNAH JIRON,
CESELLA MERRYMAN, ANDREA VARELA,
WHITNEY WHITSON, JAEDA CHAVEZ,
JENNA ESPINOZA, SAMANTHA HAWLEY,
KRISTEN HERRERA, EMILLEE JEPHSON,
GENEVIEVE REILLY, SARA SCANNAPIECO,
KELSI SHARP, and ALLYNA BOWSHER,
on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.                                                                                         No. 17-837

DENNIS BONFANTINE, JANICE BONFANTINE,
D.B. KELLY, INC., d/b/a KELLY'S BREW PUB
AND RESTAURANT, and DB BREWERY LLC,

      Defendants.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441(c)(A) and 1446(3), Defendants Dennis Bonfantine, Janice Bonfantine, D.B. Kelly, Inc., and DB Brewery LLC ("Defendants") hereby provides notice of removal of this action from the Second Judicial District Court, Bernalillo County, New Mexico, where it was filed as Cause No. D-202-2016-602775, styled *Hailey Atyani, et al., v. Dennis Bonfantine, et al.,* to the United States District Court for the District of New Mexico. As grounds for removal, Defendants state as follows:

1. Plaintiffs have filed three Complaints in the action pending in Bernalillo County Court alleging only state common law claims, and claims under the City of Albuquerque Minimum Wage Ordinance ("MWO). City of Albuquerque Ordinance 12-2006 § 12-12-3. Plaintiff's Original Complaint was filed on April 29, 2016, in the Second Judicial District Court,

1

Bernalillo County, and the First and Second Amended Complaints were filed on May 31, 2016 and November 11, 2016, respectively.

2. As set forth in detail below, this is a civil action over which this Court has federal question jurisdiction under the provisions of 28 U.S.C. § 1331. Therefore, the action may be removed pursuant to the provisions of 28 U.S.C. § 1441(c)(A) and 1446(3).

3. This Notice of Removal is timely because it is filed within thirty (30) days from the date Defendant received a copy of Plaintiffs' Response to Defendants' Motion to Dismiss for Failure to State a Claim. *See* 28 U.S.C. § 1446(3).

4. On August 2, 2017, Defendants were served a copy of Plaintiffs' Response to Defendants' Motion to Dismiss. Plaintiffs there alleged for the first time that the Fair Labor Standards Act ("FLSA") "applies" to their state law claims, including under the Albuquerque Minimum Wage Act. *See* Response to Defendants' Motion to Dismiss, attached as Exhibit 1, *e.g.*, p. 5: ¶ (a) *citing* FLSA tip pool regulation 29 CFR 531.54; ¶ (b) stating that "under FLSA . . . tip credit provisions of Section 3(m) . . . 29 CFR 531.59(b) apply; ¶ (c) citing FLSA case law (pp. 5-6)' ¶ (d) concluding that: "The tip pool protections in the FLSA apply here . . ." (p. 6); discussing FLSA case law to include a discussion of FLSA case law on the measure of damages, and declaring "The tip pool protections in the FLSA apply here . . . ." (p. 6), and stating that "under the FLSA, the remedy for an invalid tip pool" is as described a the cited cases (pp. 6-7), and concluding that "[T]his is also the remedy here." (p. 7).

5. Filed concurrently with this notice, as directed by the Court Clerk, are all process, pleadings, and orders served or filed in the state court action, and are collectively attached as Exhibits 2, 3, 4, 5, 6, 7, 8, 9 and 10.

6. Plaintiffs' Complaints raise common law claims and cause of action under the Albuquerque Minimum Wage Ordinance. Plaintiffs' Original Complaint. (*See, e.g.,* common law claims, Count I, II, III under ordinance, and Counts IV and V). FSLA claims arise under the laws of the United States and involve an issue of federal question jurisdiction. Such claims are therefore removable to federal court. *See Bruer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691 (2003), 123 S.Ct. 1882, 1884. Under the FSLA, an action "may be maintained against any employer in any Federal or State court of competent jurisdiction . . ." 29 U.S.C. § 2617(a)(2). In *Breuer*, the U.S. Supreme Court interpreted the Fair Labor Standards Act (FLSA) and unanimously held that claims under the FLSA may be removed based on federal question jurisdiction under 28 U.S.C. § 1331. 538 U.S. 691, 695, 123 S.Ct. at 1884. The Court noted that interpreting the FLSA to prohibit removal would have a ripple effect in other like cases under different federal statutes and require the same erroneous interpretation of the FLSA. *Id.* at 699. The Supreme Court went on to hold that: "Since 1948, therefore, there has been no question that whenever the subject matter of an action qualifies for removal the burden is on the Plaintiff to find an express exception." 588 U.S. at 699, 123 S.Ct. 1887. The Court wrote: "*Breuer*, then, cannot have a removal exception for the FLSA without entailing exceptions for other statutory actions, to the point that it becomes just too hard to believe that a right to "maintain" an action was ever meant to replace the right to remove." *Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691 (2003), 123 S.Ct. 1882. The Supreme Court holding that the FLSA provided federal question jurisdiction applies here, given the claims just asserted, as stated in Plaintiff's response to Defendants' Motion to Dismiss. *In Breuer,* the Supreme Court noted that Plaintiffs' claims under the FLSA could have been filed in federal court at the outset, 123 S.Ct. at 1884, as the Federal Court would have jurisdiction over claims under the FLSA. This Court therefore has

3

federal question jurisdiction over Plaintiffs' claims and removal is proper. *See Huffman v. Saul Holdings Ltd. P'ship,* 194 F.3d 1072, 1079 (1999). As stated, other courts throughout the Country have likewise held that FLSA claims are appropriately removed to Federal Court on the basis of federal question jurisdiction.

7. Removal is properly based upon the Response to the Motion to Dismiss, filed on August 8, 2017, as it is a pleading upon which removal may be based under 28 U.S.C. § 1446(3) The Response to the Motion to Dismiss constitutes "a motion or other paper" under 28 U.S.C. section 1446(3):

> The issue here is whether Plaintiff's Notice of Acceptance of the Offer to Confess Judgment constitutes an "other paper" for purposes of removal under § 1447(b)(3)). "The . . . 'other paper' requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal matter.' "*Yarnevic v. Brink's, Inc.,* 102 F.3d 753, 755 (4th Cir. 1996) (citing *Broderick v. Dellasandro*, 859 F.Supp. 176, 178 (E.D. Pa. 1994)); *see also Fernando Garcia v. MVT Services, Inc., 589 F.Supp.2d* 797, 803 (W.D. Tex. 2008). ("For a document to be considered 'other paper' under § 1446(b), it 'must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction.'") (citation omitted). The defendant must have received 'unequivocal" notice that federal jurisdiction is proper, *Huffman v. Saul Holdings Limited Partnership,* 194 F.3d 1072, 1078 (10th Cir. 1999).

*Wright v. Am. Nat'l. Prop. and Cas. Co.*, 2015 WL 2622015.

> The federal courts have given the reference to 'other paper' an embracive construction . . . Various discovery documents such as depositions . . . usually are accepted as 'other paper' sources that initiate a new thirty-day period removability.
>
> . . .
>
> We adopt the majority rule. The intent of the statute is to make sure that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists.

*Huffman v. Saul Holdings Ltd. P'Ship*, 194 F.3d 1072 (10th Cir. 1999).

4

> In a case not originally removable, a defendant who receives a pleading or other paper indicating a post commencement satisfaction of federal jurisdictional requirements – for example, by reason of the dismissal of a nondiverse party – may remove the case to federal court within 30 days of receiving such information." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68-69, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).
>
> Under § 1446(b), the removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts."

*Aranda v. Foamex Intern,* 884 F.Supp.2d 1186 (2012).

The following FLSA cases all denied remand motions where the case was removed based on FLSA allegations:

> First, the court finds § 1441 to be quite clear in its mandate that removal must be permitted unless there is express statutory language prohibiting removal. Indeed, the Fifth Circuit has characterized § 1441 as creating a "broad right of removal" and has emphasized that absent "an express declaration by Congress to the contrary," removal is proper whenever there is concurrent original jurisdiction in both federal and state courts.

*Chapman v. 8th Judicial Juvenile Prob. Bd.,* 22 F.Supp.2d 583 (E.D. Texas 1998)

> The overwhelming majority of jurisdictions considering the issue in recent years have rejected the Johnson approach and permitted defendants to remove FLSA cases commenced in state court because the 1948 amendment seemingly permits removal unless Congress expressly prevents removal within the text of the statute.

*Bingham v. Newport News Shipbuilding and Drydock Co.,* 3 F.Supp.2d 691 (1998)

> The federal removal statute allows removal from state to federal court when the federal district court would have had original, not exclusive, jurisdiction [quoting 28 U.S.C. 1441(a)] . . . This Court would have had original jurisdiction over plaintiff's FLSA claim. Section 216(b) of the FLSA allows an employee to sue his or her employer for violations of the act in state or federal court.

*Waldermeyer v. ITT Consumer Fin. Corp.,* 767 F.Supp. 988 (1991).

> But Congress had made it plain that the right of removal is to stand absent an express provision to the contrary, and it is the responsibility of Congress, not of the courts, to speak on the matter if it wishes to foreclose removal of FLSA cases. We hold, therefore, that since the district court has original jurisdiction of the suit, and nothing in the FLSA or the general removal statute expressly prohibits the removal of FLSA actions, the case was properly removed pursuant to 28 U.S.C. § 1441 . . . . We therefore hold that the district court has jurisdiction over plaintiffs' FLSA claims against FBICS.

*Cosme Nieves v. Deshler*, 786 F.2d 445 (1986).

*Barrett v. McDonald's of Oklahoma City*, 419 F.Supp. 792, 794 (l976). (Motion to remand denied based on FLSA subject matter jurisdiction.)

*Hill v. Moss-American,* 309 F.Supp. 1175 (1970). (Motion to remand denied on FLSA claim, amount on controversy doesn't matter.)

*Niswander v. Paul Hardeman, Inc.,* 223 F.Supp. 74, 76 (1963). (Motion to remand FLSA claims denied, noting that Congress could have prohibited removal of FLSA claims had it intended to do so.

Wherefore, Defendants request that this action be removed from the Second Judicial District Court of New Mexico.


                              FOSTER, RIEDER & JACKSON, P.C.


                        By:  /s/ Geoffrey D. Rieder
                              Geoffrey D. Rieder
                              Meghan D. Stanford
                              Eric Loman
                              201 Third Street, NW, Suite 1500
                              P.O. Box 1607
                              Albuquerque, New Mexico  87103-1607
                              Telephone: (505) 767-0577
                              Facsimile (505) 242-9944
                              geoff@frjlaw.com

                              *Attorneys for Defendants*

I HEREBY CERTIFY that on the 16th day of August 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Shane Youtz
Stephen Curtice
James Montalbano
900 Gold Avenue SW
Albuquerque, NM  87102
Telephone:  (505) 244-1200
shane@youtzvaldez.com
stephen@youtzvaldez.com
james@youtzvaldez.com

Gail Evans
Elizabeth Wagoner
NEW MEXICO CENTER ON LAW AND POVERTY
924 Park Ave., SW, Suite C
Albuquerque, NM  87106
Telephone:  (505) 255-2840
Gail@nmpovertylaw.org
Elizabeth@nmpovertylaw.org

FOSTER, RIEDER & JACKSON, P.C.

/S/Geoffrey D. Rieder
Geoffrey D. Rieder