## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

HAILEY ATYANI, NICOLE CDE BACA,
BIANCA GARCIA, HANNAH JIRON,
CESELIA MERRYMAN, ANDREA
VARELA, WHITNEY WHITSON,
JAEDA CHAVEZ, JENNA ESPINOZA,
SAMANTHA HAWLEY, KRISTEN
HERRERA, EMILEE JEPHSON,
GENEVIEVE REILLY, KELSI SHARP,
SARA SCANNAPIECO, and ALLYNA
BOWSHER, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

        v.                                                                    Case No. 17-CV-837 WJ-JHR

DENNIS BONFANTINE, JANICE
BONFANTINE, D.B. KELLY, INC.,
d/b/a KELLY'S BREW PUB AND
RESTAURANT, and DB BREWERY LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFFS' MOTION TO REMAND,
## ORDER REMANDING CASE TO STATE COURT
## and
## AWARDING PLAINTIFFS' REQUEST FOR SANCTIONS
## FOR IMPROPER REMOVAL

THIS MATTER comes before the Court upon Plaintiffs' Motion for Remand to State

Court and for Sanctions, filed August 22, 2017 (**Doc. 3**).   Having reviewed the parties' briefs

and applicable law, the Court finds that Plaintiffs' motion is meritorious and, therefore, is

granted.   In addition, the Court is granting Plaintiffs' request for sanctions in the form of attorney

fees and costs incurred as a result of Defendants' removal, subject to the proper filing submissions as described below.

## BACKGROUND

Plaintiffs are servers at Kelly's Brew Pub & Restaurant in Albuquerque, New Mexico and are suing their employer for work performed off-the-clock and enforcing an illegal tip-out policy.  This is a putative class action case under NMRA Rule 1-023(A).  Plaintiffs filed this lawsuit on November 11, 2016 in the Second Judicial District Court, County of Bernalillo; and Defendants removed the case to federal court on August 16, 2017.

Plaintiffs seek to remand the case on the ground that there was no objectively reasonable basis for federal removal because it is clear from the complaint and other pleadings that this case does not allege a federal claim.  Defendants contend that words used by Plaintiffs' counsel in other pleadings in this case indicate that Plaintiffs "seek to engraft the remedies under the Fair Labor Standards Act –lock, stock and barrel—into this case, establishing federal question jurisdiction. . . ."  Doc. 6 at 1.

## DISCUSSION

Under 28 U.S.C. §1331, federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  However, federal courts are courts of limited jurisdiction; they are empowered to hear only those cases "authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."  *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir.1994) (citations omitted).

**I.      Whether Remand is Appropriate**

2

In order to establish federal question jurisdiction, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Except for narrow circumstances not present here, a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law. *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir.2005); *see also Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 & n.2 (2002). Generally, the presumption is "against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The removing party has the burden to demonstrate the appropriateness of removal from state to federal court. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001) (a party seeking to remove a case to federal court has the burden of demonstrating the existence of federal jurisdiction). Thus, doubtful cases must be resolved in favor of remand. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, it shall be remanded." 28 U.S.C. § 1447(c) (emphasis added).

Defendants do not dispute that Plaintiffs' Second Amended Complaint is based entirely upon the Albuquerque Minimum Wage Ordinance ("MWO"), §13-12-1. The MWO has its own remedial scheme which enables an aggrieved employee to recover the "balance of the wages owed," including interest, as well as "an additional amount equal to twice the wages owed . . ." in addition to "other appropriate legal or equitable relief." *See, e.g.,* Ordinance §5(B), 13-12-5(B), Civil Enforcement.[1] The sole basis for Defendants' claim of federal jurisdiction is that in an August 2, 2017, Response to Defendants' latest Motion to Dismiss, Plaintiffs argued that the

---

[1] Defendants inadvertently refer to the city ordinance as the "New Mexico Minimum Wage Ordinance" rather than the "Albuquerque Minimum Wage Ordinance" although they cite to the correct ordinance. *See* Doc. 6 at 1.

state court should look to judicial decisions interpreting the FLSA to interpret the similarly worded MWO.  *See* Doc. 1-11 at 61-69.[2]

There is no fair reading of Plaintiffs' complaint which would suggest that this lawsuit contains a federal question, *see* Doc. 1-5 (Second Am. Compl.), nor did Plaintiff ask the state court to apply federal law to Plaintiffs' claims.  Plaintiffs' comments in the pleadings referenced by Defendants were obviously meant to demonstrate the parallel nature between remedies under the Fair labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. and those provided by the MWO, and Plaintiffs are seeking relief solely under the MWO, §13-12-5(B).  Doc. 1-5 at 21.[3]  Merely noting that a question of purely local law is informed by federal precedent does not convert the question of municipal law into a federal question.  *Salman v. Arthur Andersen LLP*, 375 F. Supp. 2d 1233, 1237 (D. N.M. 2005); *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

For a case to arise under federal law, and thus come within federal question jurisdiction, the federal question must be apparent on the face of a well-pleaded complaint, and plaintiff's cause of action must be created by federal law, or, if it is a state-law cause of action, its resolution must necessarily turn on a substantial question of federal law. 28 U.S.C.A. § 1331. *Rice v. Office of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240 (10th Cir. 2001).  Resolution of Plaintiff's claims asserted under the MWO does not turn on any question of federal law, and

---

[2] The response to Defendants' motion to dismiss and Plaintiffs' motion for class certification are included as part of the 708 pages of removal documents.  It is not clear whether other pending motions are buried within these documents, but in light of the Court's ruling on the instant motion, that is a question that will not need to be answered.

[3] In their response to Defendants' motion to dismiss, Plaintiffs had asked the state court to use federal precedent interpreting the FLSA when determining Defendants' obligations under the MWO, due to the similarity in wording of the statutes and paucity of case law interpreting the MWO.  *See* Doc. 1-11 at 65 ("The Albuquerque MWO tracks generally with wording and intent of the [FLSA]").

looking to an analogous federal statute for interpretive guidance does not inject a federal cause of action into the lawsuit. *See Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231 (10th Cir. 2003), *opinion reinstated in part,* 440 F.3d 1227 (10th Cir. 2006) (Federal-question jurisdiction exists where it appears that some substantial, disputed question of federal law is a necessary element of one of well-pleaded state claims, but the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction); *cmp. Rains v. Criterion Systems, Inc. et al,* 80 F.3d 339 (9th Cir. 1996) (where plaintiff  filed claim in state court for wrongful discharge, and fact that same facts could have been basis for Title VII claim, did not make claim into federal cause of action for purposes of removal).

## II.      Whether Sanctions are Warranted

Plaintiffs seeks sanctions because Defendants lacked any objectively reasonable basis to remove this case.

Under the federal remand statute, Plaintiffs may recover attorney fees and costs associated with the removal and subsequent remand, should the Court determine that removal was improper. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for awarding fees turns on the reasonableness of the removal, and "absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. Conversely, where no objectively reasonable basis exists, fees should be awarded." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005). A showing of bad faith is not a prerequisite to an award of fees and costs in conjunction with an order to remand. *Topeka Hous. Auth. v. Johnson,* 404 F.3d 1245, 1248 (10th Cir. 2005)*; Excell Inc. v. Sterling Boiler & Mechanical, Inc*., 106 F.3d 318, 322 (10th Cir. 1997).

Defendants expressly acknowledged that Plaintiff's complaint is based solely on state law, yet proceeded to try and convince the Court that this case should be removed because of statements made by Plaintiffs in a response to a motion to dismiss in calling on analogous federal law for guidance in interpretation where state law was silent.  The standard for removal of a case from state to federal court is very clear: it is based on the well-pleaded complaint.  The Court finds that Defendants' removal was at best bogus and at worst a tactic to avoid a ruling on Plaintiffs' motion for class certification that was pending in state court by delaying the discovery process.  The Court is not prepared to pass on the issue of whether any bad faith was involved on the part of Defendants' motive in removing this case, nor is it necessary.[4]   However, the Court can and shall make the finding that Defendants' grounds for removal were not even remotely based on the appropriate legal standard, and were therefore not objectively reasonable—to reiterate: comments made by Plaintiffs in other pleadings about comparisons between MWO and the FLSA as analogous statutes do not offer a plausible basis for removal.  Having found that Defendants' removal lacked an objectively reasonable basis, Plaintiffs are entitled to sanctions against Defendants in the form of attorney fees and costs incurred by Plaintiffs in connection with the filing of the motion to remand.

Plaintiffs shall file with the Court a short, itemized request for attorney fees and costs, with supporting affidavits and time records, **within fourteen (14) days** of the filing of this Order.  Defendants have the opportunity to respond **within fourteen (14) days** after the filing of Plaintiffs' submission.  If Defendants or Plaintiffs desire for the Court to conduct a hearing on the attorney fees and costs to be awarded to Plaintiffs, then a written request for hearing needs to

---

[4]  There is some evidence that Plaintiffs submit evidence that Defendants had scheduled a number of Plaintiffs' depositions which were set almost on the day the case was removed to federal court, and cancelled just prior to that time—after a considerable number of hours had been spent by Plaintiffs' counsel in scheduling these depositions.

be made by either Defendants or Plaintiffs.  If no such request for a hearing is made, then the

Court shall decide the matter based on the written submissions of the parties.

## CONCLUSION

In sum, the Court finds and concludes that Defendants have fallen abysmally short of

showing that a federal question has been presented on the face of Plaintiffs' operative complaint

in this case, and as a result, the Court grants Plaintiffs' Motion to Remand.

There is no need to address Plaintiffs' alternative argument regarding the untimeliness of

removal, in light of the Court's jurisdictional ruling.

The Court also finds and concludes that Defendants' removal lacked an objectively

reasonable basis; therefore, Plaintiffs are entitled to sanctions against Defendants in the form of

attorney fees and costs associated with the filing of the motion to remand.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Remand to State Court and for Sanctions

(**Doc. 3**) is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiffs' request for sanctions is hereby

GRANTED for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that in connection with the award of sanctions, Plaintiffs

shall file with the Court a short, itemized request for attorney fees and costs, with supporting

affidavits and time records, **within fourteen (14) days** of the filing of this Order.  Defendants

have the opportunity to respond **within fourteen (14) days** after the filing of Plaintiffs'

submission.

**IT IS FURTHER ORDERED** that if either Defendants or Plaintiffs wish for the Court to conduct a hearing on the amount of attorney fees and costs to be awarded Plaintiffs, then a request for such a hearing needs to be made to the Court in writing.

**IT IS FINALLY ORDERED** that the Clerk of Court is hereby directed to take the necessary action to have this case remanded to the Second Judicial District Court, State of New Mexico, County of Bernalillo.


_____
UNITED STATES DISTRICT JUDGE